**Evelyn Munio LUCINA, Petitioner,**

**v.**

**John ASHCROFT, Attorney**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

General,\* Respondent.

No. 02–71914.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2004.\*\*

Decided June 24, 2004.

Norma M. Molinar, Esq., Law Offices of
Norma M. Molinar, San Francisco, CA, for
Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief
Legal Officer, Office of the District Counsel, Department of Homeland Security,
San Francisco, CA, Richard M. Evans,

Esq., Marion E. Guyton, Attorney, DOJ—
U.S. Department of Justice, Washington,
DC, for Respondent.

Before: HALL, LEAVY and FISHER,
Circuit Judges.

MEMORANDUM \*\*\*

Evelyn Munio Lucina, a native and citizen of the Philippines, petitions for review
of the Board of Immigration Appeals'
("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of her applications for asylum and withholding of deportation. We have jurisdiction pursuant
to 8 U.S.C. § 1105a(a), and we deny the
petition for review.

Lucina's challenge to the BIA's summary affirmance procedure is foreclosed
by *Falcon Carriche v. Ashcroft*, 350 F.3d
845, 849–50 (9th Cir.2003).

Lucina's challenge to the decision on
the merits fails because, even assuming
she was a credible witness, the IJ's determination that she failed to establish past
persecution or a well-founded fear of persecution was supported by substantial evidence. *See Hakeem v. INS*, 273 F.3d 812,
816 (9th Cir.2001) (holding that petitioner
must show more than the existence of a
generalized or random possibility of persecution in his native country and that
claim of persecution upon return is weakened, even undercut, when similarly-situ-

---

\* We sua sponte amend the caption to reflect
that Attorney General John Ashcroft is the
proper respondent. The Clerk shall amend
the docket to reflect the above caption.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

ated family members continue to live in the country without incident); *Lim v. INS,* 224 F.3d 929, 936–37 (9th Cir.2000) (holding that record did not compel the conclusion that threats constituted past persecution where the petitioner, a former intelligence officer, received death threats after testifying in court against subversives).

By failing to qualify for asylum, Lucina necessarily fails to satisfy the more stringent standard for withholding of deportation. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will being to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**